569 So.2d 1310 (1990)
L.D.L., a Child, Appellant,
v.
STATE of Florida, Appellee.
No. 89-2102.
District Court of Appeal of Florida, First District.
November 6, 1990.
*1311 Michael E. Allen, Public Defender, David A. Davis, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., Laura Rush, Asst. Atty. Gen., for appellee.
SHIVERS, Chief Judge.
Defendant L.D.L., a child, appeals final judgment and sentence finding him guilty of trespass after warning in violation of section 810.09(1), Florida Statutes (1987), and placing him on community control. At issue is whether the evidence was sufficient to warrant a finding of guilty on the charge of trespass. We reverse.
The Griffin Heights Apartments on Basin Street in Tallahassee is a low-rent federally subsidized housing project. By letter dated August 3, 1988, WWH Realty Investors 3G, Ltd., d/b/a Griffin Heights Apartments advised the Tallahassee Police Department that it "gave authority to the Tallahassee Police Department to issue no trespass warnings and/or to arrest any persons loitering on the property who are not residents."
Acting upon their authority, the police, on November 21, 1988, issued a trespass warning to the appellant for loitering around the laundry area of the apartment complex. Appellant at that time indicated that he lived near Arkansas or California Streets.
Four and one half months later, on March 30, 1989, Officers Coleman and Goldwick were patrolling through the Basin Street Project between 9 and 11 p.m. They saw a large group of juveniles gathered on the east side of the "H" building. Officer Coleman testified that it is not unusual at all for many of the teenagers who live in the complex to hang around the "H" building/laundry room area at night. The officers observed that every time they drove past this group, one juvenile in particular  the appellant  would run northbound toward the laundry room area. Both officers testified that it was obvious appellant was leaving the area due to their presence, since appellant would literally run in the opposite direction every time the officers drove by.
Because of appellant's "suspicious" behavior, the police decided to pursue appellant on foot. Officer Coleman testified that he observed appellant run north through the laundry room area, through the complex, and eventually stop on the second-floor balcony of the "C" building, in front of Linda Rollins' apartment, where appellant was finally apprehended. When the police questioned appellant after apprehending him, appellant did not say he was visiting Linda Rollins. Appellant instead stated that he "stayed" at Rollins' apartment.
Officer Goldwick testified that when appellant first saw Goldwick coming toward him, he ran past the "C" building, where Rollins' apartment was located. Officer Goldwick also indicated that he could not recall if there was anyone else with appellant at the time he first came on the scene at Rollins' apartment, but stated that "[t]here could have been."
Linda Rollins testified that appellant, a good friend of the family, is allowed to be a visitor to her apartment. Ms. Rollins stated that her son was on the porch with appellant outside her apartment when appellant was arrested.
Appellant's friend testified that around 10:30 p.m. he ran into appellant while he was on his way back from the convenience store. He and appellant then walked to his apartment. His friend testified that he did not see appellant run away from the police.
Appellant testified that his friends, grandmother and brother lived at the complex. Appellant testified that he was not visiting at Ms. Rollins' apartment on the night of his arrest, but he was with his brother. He stated that his brother lived in Apt. 246-L. Appellant further testified *1312 that he was with his brother when the police arrived, and everyone including his brother had left upon seeing the police. Appellant stated that he knew he had been given a trespass warning, and that was one reason he ran when he saw the police.
Appellant, a juvenile, was charged by petition filed in the circuit court with one count of trespass on property after warning in violation of section 810.09(1), Florida Statutes. He was tried and found guilty as charged. Adjudication of delinquency was withheld and appellant was placed on community control.
Section 810.09(1), Florida Statutes, reads:
810.09 Trespass on property other than structure or conveyance. 
(1) Whoever, without being authorized, licensed, or invited, willfully enters upon or remains in any property other than a structure or conveyance as to which notice against entering or remaining is given, either by actual communication to the offender or by posting, fencing, or cultivation as described in s. 810.011, commits the offense of trespass on property other than a structure or conveyance.
In order to be found guilty of the crime of trespass on property other than a structure or conveyance, the State is required to prove the following four elements beyond a reasonable doubt:
(1) that the defendant willfully entered the property alleged;
(2) the property was owned by or lawfully in possession of the person alleged;
(3) notice not to enter had been given by actual communication to the defendant; and
(4) that defendant's entering the property was without permission.
See R.C.W. v. State, 507 So.2d 700, 701-702 (Fla. 1st DCA 1987); Florida Standard Jury Instruction (Criminal) "Trespass  On Property Other Than a Structure or Conveyance."
The State did not prove each element of the offense of trespass  violation of section 810.09(1), Florida Statutes  beyond a reasonable doubt. Under the evidence presented it appears that the trier of fact could not reasonably conclude the evidence was inconsistent with every reasonable hypothesis of the defendant's innocence. The appellant presented a reasonable hypothesis of his innocence. Appellant testified that he was visiting his brother at the complex. He testified that he was with his brother at the time the officers first spotted him, and that his brother lived at the complex. Not only did appellant's brother live at the complex but so did appellant's grandmother and appellant's friend. The mother of appellant's friend testified that appellant is a good friend of the family and is allowed to be a visitor at their apartment. An examination of Linda Rollins' lease in the record did not reveal a prohibition against having visitors.
At the end of the hearing the trial judge announced that it was not proven beyond a reasonable doubt that L.D.L. wasn't there by invitation or by implied invitation of the lessee. She stated that he certainly was not there by invitation or permission of the owner. The trial court announced and ruled that the owner's rights are not superseded by the lessee's rights, and that there are remedies other than just by violating the trespass warning, if they wanted that trespass warning removed.
We find the trial court applied an erroneous standard. A landlord generally does not have the right to deny entry to persons a tenant has invited to come onto his property. This law also applies to the common areas of the premises. Right of third person to enter premises against objection of the landlord, 6 A.L.R. 465. See also 49 Am.Jur.2d, Landlord and Tenant, sections 228, 235.
In the absence of any restriction in the agreement between the landlord and his tenant, the tenant, when in possession of the demised premises, has the right to invite or permit such persons as his business interests or pleasure may suggest to come upon the premises so in his possession, for any lawful purpose, and the landlord has no right to prohibit such persons from coming on the demised premises. One who thus comes upon the *1313 premises upon the invitation of the tenant, although expressly forbidden to do so by the landlord, is not guilty of criminal trespass. 49 Am.Jur.2d, Landlord and Tenant, section 235.
REVERSED.
ERVIN, J., concurs.
NIMMONS, J., dissents.